UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff/Respondent<br><br>       v.<br><br>MARK E. JOHNSON,<br><br>            Defendant/Petitioner | CASE NO. 1:95-CR-5210<br>              1:13-CV-0849<br><br>**ORDER DISMISSING DEFENDANT'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**<br><br>(Document #184) |

## I.   INTRODUCTION

This matter arises from the criminal conviction of Defendant/Petitioner MARK E. JOHNSON ("Petitioner"). Petitioner is proceeding in this matter *in propria persona*. Petitioner is not currently incarcerated. Petitioner brings a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. Section 2255. For the following reasons, the motion is DISMISSED for lack of jurisdiction.

## II.   BACKGROUND

Petitioner was convicted in 1996 of two violations of 18 U.S.C. Section 2423(a), a violation of 18 U.S.C. Section 1029(a)(1), and a violation of 18 U.S.C. Section 1343. Doc. 80; Doc. 81. The remaining charges were dismissed. Doc. 113. Petitioner was sentenced to 57 months imprisonment followed by 36 months of supervised release. Doc. 113. In 2002, Petitioner filed a

motion to terminate supervised release. Doc. 169. The Court[1] denied the motion. Doc. 177. Petitioner's term of supervised release expired in July of 2003. See Doc. 177. Petitioner filed the present motion June 3, 2013. Doc. 184.

### III.  LEGAL STANDARD

"It is a fundamental precept that federal courts are courts of limited jurisdiction. The limits upon federal jurisdiction, whether imposed by the Constitution or by Congress, must be neither disregarded nor evaded." Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978); Keene Corp. v. United States, 508 U.S. 200, 207 (1993). Federal courts can adjudicate only those cases that the United States Constitution and Congress authorize them to adjudicate. Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 552 (2005); Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Sandpiper Vill. Condo. Ass'n, Inc. v. Louisiana-Pacific Corp., 428 F.3d 831, 841 (9th Cir. 2005).

### IV.  DISCUSSION

Petitioner's motion must be dismissed because he is not "in custody" as required by Section 2255. "A prisoner in custody under sentence of a court . . . claiming the right to be released . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. A petitioner must be "in custody" under the conviction or sentence under attack at the time his petition for writ of habeas corpus is filed. Maleng v. Cook, 490 U.S. 490, 491 (1989); United States v. Krboyan, 2010 WL 4568989, *1 (E.D. Cal. 2010); see United States v. Kramer, 195 F.3d 1129, 1129 (9th Cir. 1999) (affirming denial of challenge to restitution order and holding that a petitioner seeking relief under Section 2255 "must be in custody" and "claim a right to be released from custody"). The requirement that a Section 2255 petitioner must be "in custody" is jurisdictional. Black v. United States, 269 F.2d 38, 40 (9th Cir. 1959); Matysek v. United States, 339 F.2d 389, 395 (9th Cir. 1964); see Kramer, 195 F.3d at 1129.

---

[1] The trial and subsequent proceedings in this case were assigned to Senior Judge M.D. Crocker. No entries relating to this matter appear in the Court's docket between 2003 and 2013. The case was reassigned to this Court at the time the present motion was filed. Doc. 183.

A petitioner need not be physically incarcerated to be "in custody" for habeas purposes; a petitioner subject to supervised release is considered "in custody." Matus-Leva v. United States, 287 F.3d 758, 761 (9th Cir. 2002) (citing Jones v. Cunningham, 371 U.S. 236, 242-43 (1963)). However, a petitioner will no longer satisfy the "in custody" requirement once the term of supervised release has terminated. Krboyan, 2010 WL 4568989, *1; see Maleng, 490 U.S. at 491 (holding that a habeas petitioner is not "in custody" under a conviction when the sentence imposed for that conviction has fully expired at the time the petition is filed).

Here, Petitioner's term of imprisonment and term of supervised release were both completed long before the present motion was filed.  Petitioner's sentence has been fully executed and Petitioner is no longer "in custody."  "By its clear terms, [Section] 2555 is applicable *only to prisoners in custody* claiming the right to be released." Kramer, 195 F.3d at 1130 (emphasis added).  As such, the Court does not have jurisdiction to consider Petitioner's motion because he fails to meet the statutory "in custody" requirement necessary to bring a motion pursuant to Section 2255.[2]

Therefore, Petitioner's motion must be DISMISSED for lack of jurisdiction.

### V.  CONCLUSION

For the foregoing reasons:

1.  Petitioner's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. Section 2255 is DISMISSED FOR LACK OF JURISDICTION;
2.  No Certificate of Appealability shall issue because jurists of reason would not find it debatable that this Court has jurisdiction to hear the motion; and
3.  The Clerk of the Court is directed to enter JUDGMENT FOR RESPONDENT.

IT IS SO ORDERED.

Dated:   March 25, 2014                                  _____
                                                          SENIOR DISTRICT JUDGE

---

[2] "The writ of error coram nobis affords a remedy to attack a conviction when the petitioner has served his sentence and is no longer in custody." Estate of McKinney v. United States, 71 F.3d 779, 781 (9th Cir. 1995).